# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

June 09, 2026

Mr. Daniel J. McCoy
Western District of Louisiana, Lake Charles
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

No. 26-30130 USA v. Ledoux
USDC No. 2:26-CR-68-1

Dear Mr. McCoy,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Sincerely,

LYLE W. CAYCE, Clerk

Melissa Mattingly

By: ______________________
Melissa V. Mattingly, Deputy Clerk
504-310-7719

cc:
Ms. Camille Ann Domingue
Mr. Adam Patrick Johnson
Mr. Thomas Johnson
Mr. Andrew Thomas Leonards

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2026

Lyle W. Cayce
Clerk

---

No. 26-30130
Summary Calendar

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Carter Miles Ledoux,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:26-CR-68-1

---

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:*

Carter Miles Ledoux was indicted in this proceeding for conspiracy to commit crimes against the United States, cyberstalking, transmission of threats through interstate commerce, and making a threat or maliciously false report concerning an attempt to harm someone or damage property by means of an explosive. In a separate proceeding, he was charged with possession of

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

child pornography. He appeals the district court's decision that revoked the magistrate judge's (MJ) order of release and ordered Ledoux's pretrial detention.

Ledoux contends that the district court gave inadequate reasons for its decision to reject the MJ's ruling. However, the district court's written order, if read in context, provided adequate reasons for the detention ruling. *See* 18 U.S.C. § 3142(i); Fed. R. App. P. 9(a).

Additionally, Ledoux argues that the district court's decision was not supported by the proceedings below. He asserts that a proper evaluation of the factors set out in 18 U.S.C. § 3142(g) establishes that there are conditions of release that will reasonably guarantee the safety of any other person and the community. The Government argues that the district court's detention ruling was supported by the proceedings. Because the district court issued its own decision and did not accept the MJ's ruling, we consider only the district court's order. *See United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).

The evidence as a whole supports the district court's detention decision. *See United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). The § 3142(g) factors all at least partially weigh in favor of pretrial detention. *See* 18 U.S.C. § 3142(g). Ledoux has not shown that the district court abused its discretion in deciding that he presents a danger and that no condition or combination of conditions would reasonably assure the safety of others and the community. *See* 18 U.S.C. § 3142(e)(1), (g); *Rueben*, 974 F.2d at 586; *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989).

AFFIRMED.

# United States Court of Appeals for the Fifth Circuit

**Certified as a true copy and issued as the mandate on Jun 09, 2026**

**Attest:** Lyle W. Cayce

**Clerk, U.S. Court of Appeals, Fifth Circuit**

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2026

Lyle W. Cayce
Clerk

No. 26-30130
Summary Calendar

---

United States of America,

*Plaintiff—Appellee,*

*versus*

Carter Miles Ledoux,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:26-CR-68-1

---

## JUDGMENT

Before Jones, Duncan, and Douglas, *Circuit Judges*.

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion

for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.